## LEAR *v.* UNITED STATES.

*(District Court, D. Alaska.* February 19, 1892.)

ABANDONMENT OF MILITARY POST—SALE OF BUILDINGS—POWER OF SECRETARY OF WAR.

When a military post located upon lands belonging to the United States is abandoned, the secretary of war has no power, in the absence of authority from congress, to order a sale of the buildings, and such a sale is void.

At Law. Action by W. K. Lear against the United States for the recovery of money.

*Delaney & Gamel* and *Geo. A. King,* for plaintiff.

*C. S. Johnson,* U. S. Dist. Atty.

BUGBEE, District Judge. This action was brought under and by authority of section 2 of an act of congress entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887. From the admissions in the pleadings and from the evidence, which is entirely documentary, it appears that the material facts in the case are as follows: During the years 1868, '69, '70, the government erected at Wrangell, then occupied as a military station, certain wooden buildings for the use and occupation of the United States soldiers at that place. In 1871 the site was abandoned as a military post, and by authority of the secretary of war, and under the instructions of the department commander, the chief quartermaster advertised the buildings for sale. On or about the 23d of August, 1871, they were sold to the petitioner, Lear, for the sum of $600, which was paid by him to the government on December 19, 1871, and the property so sold was thereupon transferred by the military officers, then occupying it, to petitioner, who remained for years thereafter in possession, and who still claims ownership of the same, by reason of such purchase. On August 1, 1875, Ft. Wrangell was re-established as a military post, and subsequently, during the period from August 1, 1875, to June 15, 1877, when the garrison was withdrawn, the buildings in question were reoccupied by the troops, as tenants of the plaintiff, and rent was paid to him by the government at a rate fixed by a board of army officers appointed to tax the same. The same board also recommended the purchase of the buildings by the government from petitioner for the price of $7,000. On the 21st of June, 1884, the deputy collector of customs at Wrangell, acting under instructions from the secretary of the treasury, demanded of petitioner the possession of the said buildings, claiming them as the property of the United States. The demand was not acceded to, and on the 25th day of June, 1884, the deputy-collector took possession by force, and the property has ever since remained in the possession of the government, and been used for civil purposes. It is not claimed that the government has ever parted with its title to the land on which the buildings claimed by petitioner were erected. The prayer of the petitioner is: (1) For the sum of $7,000,

being the purchase price fixed by the military board, above mentioned. (2) If not allowed that sum, then that he be allowed rent from the time of his ouster by the treasury department. (3) If not allowed either amount, then that he be awarded the $600 paid by him as purchase money on December 19, 1871, with interest at 6 per cent. per annum from that date. In its answer the government confesses that plaintiff is entitled to judgment for the amount paid for the property, with interest, but claims that petitioner is not entitled to any other relief asked for, because the sale was without authority of congress, in violation of the constitution of the United States, and therefore wholly void, and passed no title to plaintiff. The relief asked for in the first and second subdivisions, respectively, of the prayer could only be granted on the theory that the sale was a valid one, and that thereby the petitioner acquired, as against the United States, the full title to the property. No authority whatever has been produced, nor have I been able to find any law, which will support such a theory. The sale was not authorized nor ratified by congress, and I must therefore hold that it was void. Judgment, however, is given for petitioner for the amount confessed in the answer to be due, to-wit, the sum of $600, with interest at 6 per cent. per annum from December 19, 1871, and the costs of the clerk of the court, after issue joined.